IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANIEL FLOYD CATES )
)
v. ) NO. 1:19-0026
)
BRANDON HARBAUGH, et al. )

**TO:** Honorable William. L. Campbell, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Daniel Floyd Cates ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on February 22, 2019, alleging violations of his federal constitutional rights and seeking relief under 42 U.S.C. § 1983. *See* Complaint (Docket Entry No. 1). By Order entered May 7, 2019 (Docket Entry No. 9), the Court found that Plaintiff stated arguable claims that his Fourth and Fourteenth Amendment rights were violated and directed that the Clerk send him service packets for two defendants - Metro Nashville Police Department Officer Brandon Harbaugh and an unnamed correctional officer. Plaintiff was provided with a thirty day time period to return completed service packets to the Clerk's Office so that process could issue to Defendants. *Id*.

At the time Plaintiff filed his lawsuit, he was confined at the Lewis County Jail in Hohenwald, Tennessee. However, he subsequently filed two change of address notices, indicating that he had been transferred to facilities within the Tennessee Department of Correction ("TDOC"); first to the Bledsoe County Correctional Complex and then to the Whiteville Correctional Facility, in Whiteville, Tennessee. *See* Docket Entry Nos. 4 and 7.

Completed service packets were not returned by Plaintiff, and the docket reflects that the May 7, 2019, Order, as well as an Order entered May 29, 2019 (Docket Entry No. 10), were returned to the Clerk's Office with notations "no such number" and "unable to forward." *See* Docket Entry Nos 11 and 12. Because it appeared that Plaintiff, in providing the Court with his updated mailing address, failed to include his entire eight digit TDOC identification number, the Court directed the

Clerk to resend to Plaintiff two service packets, along with copies of Docket Entry Nos. 8, 9, and 10. *See* Order entered July 17, 2019 (Docket Entry No. 13). However, the docket reflects that the copy of the July 17, 2019 Order was likewise returned to the Court with the notation "return to sender, attempted - not known, unable to forward." *See* Docket Entry No. 14. The docket also reflects that Plaintiff has not had any contact with the Court since filing a change of address notice on April 30, 2019.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

In the instant action, it is apparent that the Court does not have a good mailing address for Plaintiff. The Court has twice unsuccessfully attempted to mail service packets to Plaintiff. Without completed service packets, process cannot issue to Defendants and this action cannot move forward. Furthermore, Plaintiff has not contacted the Court in over five months, indicating that he has lost interest in prosecuting his lawsuit.

## RECOMMENDATION

For the reasons set out above, the undersigned respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the

Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Local Rule 72.02(a).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge